UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03649-WTL-DML |
| | ) | |
| BRUCE IPPEL, | ) | |
| LORETTA DAWSON, | ) | |
| JEFF GLOVER, | ) | |
| ALICIA COOMER, | ) | |
| JOHN DOE #1 Regional Medical Director, | ) | |
| JANE DOE #1, | ) | |
| HARI Ms., | ) | |
| MELANIE JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status,
Screening Complaint, Dismissing Certain Defendants,
and Directing Issuance and Service of Process**

**I. *In Forma Pauperis* Status**

Indiana inmate Richard Kelly is a frequent filer who has had at least three previous lawsuits dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for being frivolous or failing to state a claim upon which relief may be granted: (1) *Kelly v. Farley*, Case No. 3:94-cv-532-RLM (N.D. Ind. Dec. 13, 1994); (2) *Kelly v. Zoley*, Case No. 1:17-cv-598-WTL-MPB (S.D. Ind. July 25, 2017); and (3) *Kelly v. Witty*, Case No. 1:17-cv-989-TWP-DML (S.D. Ind. July 26, 2017). This makes him ineligible for *in forma pauperis* status thus requiring full payment of filing fees upon the commencement of a new lawsuit. 28 U.S.C. § 1915(g). The sole exception to this filing restriction is if the prisoner/plaintiff "is under imminent danger of serious physical injury." *Id.*

Kelly filed this case on October 11, 2017, and seeks *in forma pauperis* status. Dkt. 2. Without advising the Court that he has three previous "strikes" under Section 1915(A), he contends

in conclusory fashion that he should be allowed to proceed because he is in imminent danger of serious physical injury. Dkt. 2, p. 4. In an affidavit he submits to support this assertion, Kelly writes that "defendants continue to provide a level of healthcare known to be of no value in combating [Kelly's level] of pain and suffering. Dkt. 3, ¶ 1. He asserts his medical condition is growing progressively worse and possibly permanent. Finally, he asserts that he is suffering daily from "undue physical, mental [and] emotional daily pain." Dkt. 3. ¶ 3.

"In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison conditions [must be] real and proximate.' When prisoners seeking to avoid the three strikes provision 'allege only a past injury that has not recurred, courts deny them leave to proceed IFP.'" *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice; the harm must be imminent or occurring" at the present time. *Id.* at 330.

In this case, Kelly asserts he has continuing daily pain that is not being treated. Construing his affidavit and complaint liberally, the Court will allow this action to proceed because the "harm" is occurring at the present time.

The motion for leave to proceed *in forma pauperis*, Dkt. No. 2, is **granted**. Despite this ruling, plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 2006). A collection order will enter separately to collect the full filing fee.

## II. Screening of the Complaint

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within

a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Kelly makes a general claim against Bruce Ippel, Loretta Dawson, Jeff Glover, Alicia Coomer, Ms. Hari, and Melanie Johnson that they have refused to provide him with adequate and recommended healthcare for his chronic conditions, resulting in untreated excruciating pain every day. This Eighth Amendment deliberate indifference claim **shall proceed** against these defendants.

The two John/Jane Doe defendants named by Kelly are **dismissed**. "[I]t is pointless to include [an] anonymous defendant . . . in federal court; this type of placeholder does not open the door to relation back under *Fed. R. Civ. P*. 15, nor can it otherwise help the plaintiff." *Wudtke v.*

*Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If later in the progression of this action, Kelly is able to learn the name of the unknown defendants, he may seek leave to add them to this action. This must be done by the deadline that will be set in a pretrial schedule to be entered after all other defendants have answered, or with good cause shown pursuant to *Fed. R. Civ. P.* 16(b)(4).

Kelly also names "Regional Medical Director" as a defendant. The Court does not know whether this title is associated with a Corizon, Wexford, or Department of Correction employee. Therefore claims against the Regional Medical Director will **not proceed** at this time and is **dismissed without prejudice**. When plaintiff learns the name of the person holding this position, he may seek leave to add that person as a defendant to this action. This must be accomplished by the same deadline applicable to the John/Jane Doe defendants.

### III. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Bruce Ippel, Loretta Dawson, Jeff Glover, Alicia Coomer, Ms. Hari, and Melanie Johnson in the manner specified by Rule 4(d). Process shall consist of the complaint, Dkt. No. 1, plaintiff's affidavit, Dkt. No. 3, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed on a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

## V. Conclusion

Plaintiff's complaint **shall proceed** as plead in the complaint against all defendants except John Doe, Jane Doe, and Regional Medical Director. These latter three defendants are **dismissed** without prejudice and the **clerk is directed** to terminate them from the docket.

**IT IS SO ORDERED**.

Date: 10/17/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Kelly
860033
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Bruce Ippel
Medical Employee
c/o New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Loretta Dawson
Medical Employee
c/o New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Jeff Glover
Medical Employee
c/o New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Alicia Coomer
Medical Employee
c/o New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Ms. Hari
Medical Employee
c/o New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Melanie Johnson
Medical Employee
c/o New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Courtesy Copy to:
   Douglass R. Bitner
   Katz Korin Cunningham, P.C.
   The Emelie Building
   334 North Senate Avenue
   dbitner@kkclegal.com