UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-03649-WTL-DML ) |
| BRUCE IPPEL, LORETTA DAWSON, DENNIS LEWTON, DR. PLATZ LISA BLOUNT, | ) ) ) ) ) |
| Defendants. | ) |

**Order Granting Unopposed Motions for Summary Judgment**

For the reasons explained below, the motions for summary judgment of defendants Dr. Alexander Platz and Dr. Dennis Lewton are granted.

**I. Background**

In an amended complaint filed January 30, 2018, plaintiff Richard Kelly, an Indiana prison inmate incarcerated at the New Castle Correctional Facility (NCCF), brought claims under the Eighth Amendment of deliberate indifference to his serious medical needs against a number of medical providers at the NCCF. Relevant to this Order are that his claim against defendant Dr. Platz was that on November 22, 2017, Dr. Platz stopped all of plaintiff's pain medications, only to resume them three weeks later. Dr. Lewton, an optometrist, is alleged to have ignored plaintiff's extreme sensitivity to light and declined to write plaintiff an authorization to wear sunglasses and/or a baseball cap, which alleviate his pain, during his time indoors.

Both doctors seek summary judgment on the basis that plaintiff failed to exhaust his administrative remedies against either them or on these issues prior to filing this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e). Their motions are supported

by evidence of the administrative exhaustion process in effect at the NCCF and testimony from the NCCF grievance specialist. Both defendants provided plaintiff with notice of his right and obligation to respond to their motions. Dkt. Nos. 59 & 64. Plaintiff has neither responded to the motions nor sought additional time to do so, and the time for responding has now passed.

## II. Summary Judgment Standards

A.      General standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). The failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts

are not outcome-determinative. *Montgomery v. American Airlines Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

B. Plaintiff's Failure to Respond in Opposition

As noted, plaintiff failed to respond to defendants' summary judgment motions. Accordingly, facts alleged in the motions are deemed admitted so long as support for them exists in the record. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the

nonmovant failed to properly offer evidence disputing the movant's version of the facts). *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion

Both moving defendants support their motion with proof of the administrative grievance procedure policies. Dkt. Nos. 58-3 & 63-1, pp. 9-23. Jennifer Smith, the Grievance Coordinator for the NCCF, testifies by affidavit that she has custody of the grievance records at NCCF, and after checking her records, there is no grievance from plaintiff against either Dr. Platz or Dr. Lewton, there is no grievance concerning the stopping of pain medication in November, 2017, and finally there is no grievance about plaintiff's vision condition. Dkt. No. 58-2, pp. 1-2; Dkt. No. 63-1, pp. 1-8.

The Court finds that it is undisputed that plaintiff did not exhaust available administrative grievances, *see Ross v. v. Blake*, 136 S. Ct. 1850, 1857 (2016), as to either defendant or as to either claim.

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). Therefore, the moving defendants bear the burden of demonstrating that plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681. They have done so.

4

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because plaintiff failed to exhaust his administrative remedies as to Drs. Platz and Lewton, the motions to dismiss for failure to exhaust administrative remedies must be **granted**.

### IV. Conclusion

For the foregoing reasons, Dr. Dennis Lewton's motion for summary judgment, Dkt. No. 57, and Dr. Alexander Platz's motion for summary judgment, Dkt. No. 61, are **granted**. The complaint is **dismissed** against Dr. Lewton and Dr. Platz. The **clerk is directed** to update the docket to reflect the dismissal of these two defendants. Because other defendants remain in this action, no partial final judgment shall enter at this time.

A pretrial schedule shall enter by separate order.

**IT IS SO ORDERED**.

Date: 9/17/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Kelly
860033
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel